UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL SCHMIERBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: 3:18-cv-1684-NJR-DGW |
| v. | ) | |
| | ) | |
| ALTON & SOUTHERN RY. CO. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT II**

COMES NOW Plaintiff, Michael Schmierbach, by and through undersigned counsel, and for his Response to Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, states as follows:

Plaintiff, an approximate 9 ½ year employee of Defendant, filed a five count Complaint against Defendant including claims for disability discrimination and under the Family Medical Leave Act arising out of Plaintiff's association with and leave he took to take care for his wife's cancer treatments.

Plaintiff was issued a Notice of Right to Sue (RTS) from the EEOC on June 21, 2018. (Compl., Ex. 1). The RTS was "Issued On Request." On June 22, 2018, Plaintiff sent a letter with a copy of the RTS to the Illinois Department of Human Rights (IDHR) within 30 days of receipt pursuant to § 2520.490 of the Illinois Administrative Code. In this letter, Plaintiff also requested pursuant to 775 ILCS 5/17A-102(A)(3) that the IDHR adopt the findings of the EEOC and issue a notice to commence a civil action. 775 ILCS 5/17A-102(A)(3) states in relevant part:

> For those charges alleging violations within the jurisdiction of both the EEOC and the
> Department and for which the EEOC…does not issue a determination, but does issue the
> complainant a notice of a right to sue, including when the right to sue is issued at the request
> of the complainant…and if the Department is timely notified of the EEOC's determination

by complainant, the Department shall notify the parties that the Department will adopt the EEOC's determination as a dismissal for lack of substantial evidence…

Due to what Plaintiff assumes is a procedural error on the part of IDHR, on August 6, 2018, it sent a notice letting Plaintiff know it was investigating Plaintiff's claim despite Plaintiff's proper request above for it to issue a notice. On September 5, 2018, Plaintiff sent another letter enclosing the prior letter and Notice outlining IDHR's requirement to issue its notice. Finally, on November 15, 2018, the IDHR issued a Notice of Dismissal for Lack of Substantial Evidence and notified the Plaintiff that he may "commence a civil action against Respondent in the….appropriate court of competent jurisdiction within ninety (90) days after receipt of this Notice." (See attached Notice).

A.     **SUBSEQUENT ISSUANCE OF RIGHT TO SUE CURES ANY DEFECT**

On November 5, 2018, this motion to dismiss was brought only with respect to those claims brought pursuant to the Illinois Human Rights Act. The subsequent issuance of the IDHR notice renders Defendant's motion moot. "[T]he receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). "[T]he receipt of [the RTS] letter after the complaint had been filed, but before it bad been dismissed, effectively cured the deficiency in the original complaint." *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991). *See also Carwyle v. Anna Hospital Corp.*, 102 F.Supp.3d 1024, 1030 (S.D. Ill. 2015) (Herndon, J.).  As here, where Plaintiff has subsequently been issued a notice, any alleged defect in this matter has been cured and Defendant's motion is moot and therefore must be denied.

WHEREFORE Plaintiff requests that this Honorable Court to deny Defendant's Motion to Dismiss Count II in all respects.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/ Ryan M. Furniss
Ryan M. Furniss (IL# 6282915)
222 S. Central Avenue, Suite 1004
Saint Louis, MO 63105
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com