IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL SCHMIERBACH,

    Plaintiff,

vs.

ALTON & SOUTHERN RAILWAY COMPANY,

    Defendant.

Case No. 18-01684-NJR-GCS

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss filed by Defendant Alton & Southern Railway Company ("Alton") (Doc. 8). For the following reasons, the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Michael Schmierbach was employed by Alton for approximately nine and a half years when he was terminated in April 2017 (Doc. 1, pp. 3 & 5). In 2012, Schmierbach's wife was diagnosed with cancer, and he took medical leave to care for her (*Id.* at p. 5). In late 2016 or early 2017, Schmierbach's managers began verbally harassing him because they were dissatisfied with his attendance (*Id.*). In January 2017,

---

[1] These allegations are taken from the complaint and accepted as true for purposes of Alton's motion to dismiss. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) ("We review a Rule 12(b)(6) dismissal de novo, construing the complaint in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts and drawing reasonable inferences in the plaintiff's favor.").

Schmierbach took medical leave for over one week because his wife underwent surgery (*Id.*). On March 2, 2017, Alton removed Schmierbach from service, pending investigation, and on April 11, 2017, Schmierbach was terminated (*Id.*).

On September 4, 2018, Schmierbach filed a five-count complaint in this Court (Doc. 1). He alleges federal claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Federal Rail Safety Act, 49 U.S.C. § 20101, *et seq.* Schmierbach also alleges a state claim under the Illinois Human Rights Act, 740 ILCS 174/1, *et seq.* ("IHRA"). The Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the IHRA claim pursuant to 28 U.S.C. § 1367.

On November 5, 2018, Alton filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing the IHRA claim must be dismissed because Schmierbach failed to exhaust his administrative remedies before filing this suit (Doc. 8).

## LEGAL STANDARDS

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Claims filed within the federal courts are governed by the Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Id*. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang v. TCF Nat. Bank*, 249 F. App'x 464, 466 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 555 (2007)). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## Discussion

The IHRA provides for a comprehensive procedure for redressing human rights violations, under which a complainant must exhaust his or her administrative remedies before bringing a civil suit. An individual who alleges a violation under the IHRA must file a charge with the Illinois Department of Human Rights ("Department") within 300 days of the alleged violation. 775 ILCS 5/7A-102. Only until the complainant receives a final report from the Department, or the Department fails to issue a report within 365 days after the charge is filed, may a complainant commence a civil suit. 775 ILCS 5/7A-102(D), (G)(2).

The procedure becomes more convoluted when a complainant files a charge with the Department and the Equal Employment Opportunity Commission ("EEOC"). In the case of dual filings, the Department "shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination." 775 ILCS 5/7A-102(A-1). The one-year IHRA investigation period is tolled "from the date on which the charge is filed with the EEOC to the date on which the EEOC issues its determination." *Id.* When the EEOC does not issue a determination, but issues the complainant a notice of a right to sue, and the complainant timely notifies the Department, "the Department shall notify the parties . . . that the Department will adopt the EEOC's determination as a dismissal for lack of substantial evidence . . ." *Id.*

Here, Schmierbach alleges he timely filed charges with the Department and the EEOC, and he received a notice of a right to sue ("RTS") from the EEOC on June 21, 2018 (Doc. 1, p. 4; Doc. 1, Ex. 1). But the complaint does not allege Schmierbach received a final report from the Department before commencing this suit. And Alton points out that an RTS from the EEOC is not a substitute for a final report from the Department. *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 960 (N.D. Ill. 2012) ("[A] right to sue letter from the EEOC does not serve as a substitute for a final order from the Illinois Department of Human Rights.").

In his response to Alton's motion to dismiss, Schmierbach attaches a notice of dismissal he received from the Department on November 15, 2018, which authorizes him

to bring suit (Doc. 14, Ex. 1).² But Schmierbach filed his complaint in this Court on September 4, 2018—over two months before he received the Department's notice. Thus, Alton argues the case should be dismissed as premature, suggesting that the IHRA's exhaustion requirements are jurisdictional.

The IHRA traditionally provided that the Department had exclusive jurisdiction over claims arising under the Act. 775 ILCS 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). Accordingly, courts could only review final orders of the Illinois Human Rights Commission and would sustain the Commission's findings unless they were "contrary to the manifest weight of the evidence." *Id.* at § 5/8-111(B)(2). But in 2008, the IHRA was amended and many courts now believe that the IHRA authorizes Illinois courts to assert original jurisdiction over IHRA claims. *Laurie v. BeDell*, Case No. 16-759-DRH-RJD, 2017 WL 1076940, at *3 (S.D. Ill. Mar. 22, 2017). Even if exhaustion is not jurisdictional, however, the IHRA still plainly requires a complainant to exhaust his or her administrative remedies before commencing a civil suit. *Ocampo v. Remedial Environmental Manpower, Inc.*, No. 13-cv-06283, 2004 WL 2893190, at *4 (N.D. Ill.

---

² Courts generally cannot consider any matters outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. FED. R. CIV. P. 12(d). But the rule is not absolute, and there is a narrow exception that permits courts to take judicial notice of matters of public records. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). This includes records of administrative bodies such as the IDHR. *McGee v. United Parcel Serv., Inc.*, No. 01 C 9099, 2002 WL 449061, at *2 (N.D. Ill. March 22, 2002); *Morris v. Albertson, Inc.*, No. 01 C 2099, 2001 WL 936118, at *1 (N.D. Ill. Aug. 17, 2011). Accordingly, the court may consider the Department's notice of dismissal that Schmierbach attached to his response to Alton's motion to dismiss.

June 26, 2014) ("[B]oth before and after the 2008 amendments, courts routinely have dismissed IHRA claims when the plaintiff has not exhausted his or her administrative remedies.").

Although the jurisdictional issue is unclear, "[t]here is no definitive ruling that states that IHRA claims must be dismissed due to premature filing." *Bedell*, 2017 WL 1076940, at *4. And Schmierbach filed his complaint within 90 days of receiving the notice of dismissal, so he has satisfied the IHRA's exhaustion requirements. *See Id.* Also, for the sake of judicial efficiency, it is appropriate to forgo dismissal without prejudice. The proper remedy for failure to exhaust administrative remedies is dismissing the complaint without prejudice. *Green v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989). Thus, dismissing Schmierbach's complaint for premature filing would permit him to file a timely amended complaint and "would not aid in judicial efficiency, conservation of resources, or the swift resolution of this litigation." *Bedell*, 2017 WL 1076940, at *4.

Accordingly, the Motion to Dismiss Count II of the Complaint (Doc. 8) filed by Alton is **DENIED**.

    IT IS SO ORDERED.

    DATED:  June 27, 2019

                                                         **NANCY J. ROSENSTENGEL**
                                                         **Chief U.S. District Judge**